UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 15 CV 3336



YELLOW CRANE HOLDINGS, LLC,

        Plaintiff,

    v.

THE REPUBLIC OF ARGENTINA,

        Defendant.

CIVIL INDEX NO.

      Plaintiff Yellow Crane Holdings, LLC ("Yellow Crane"), by its undersigned counsel, as and for its Complaint against Defendant Republic of Argentina (the "Republic"), alleges as follows:

## NATURE OF THE ACTION

    1.    This is a breach of contract action arising from the Republic's failure to make contractually-mandated principal and interest payments on certain bonds held by Plaintiff and issued by the Republic pursuant to a Fiscal Agency Agreement, dated October 19, 1994 (the "1994 FAA") between the Republic and Bankers Trust Company, as Fiscal Agent.  For its relief, Plaintiff seeks payment of the principal amount of the bonds together with any accrued and unpaid interest, as provided for in the 1994 FAA.  A true and accurate copy of the 1994 FAA is attached as **Exhibit A.**

    2.    This is also a breach of contract action arising from the Republic's failure to make contractually-mandated principal and interest payments on certain bonds held by Yellow Crane and issued by the Republic pursuant to a Fiscal Agency Agreement, dated December 10, 1993 (the "1993 FAA") between the Republic and Bankers Trust Company, as Fiscal Agent.  For its relief, Yellow Crane seeks payment of the principal amount of the bonds together with any

accrued and unpaid interest, as provided for in the 1993 FAA. A true and accurate copy of the 1993 FAA is attached as **Exhibit B.**

3.      This action also seeks specific performance of the Republic's payment obligations pursuant to paragraph 1(c) of the 1994 FAA (the "Equal Treatment Provision of the 1994 FAA"), which provides for equal treatment in terms of rank and priority of payment for holders of bonds issued under the 1994 FAA with respect to any unsecured and unsubordinated External Indebtedness as defined in the 1994 FAA. From 2005 to the present, the Republic has engaged in a course of conduct which violates the Equal Treatment Provision of the 1994 FAA. In particular, under color of Law 26,017 passed in 2005 and Law 26,547 passed in 2009, the Republic issued bonds in its 2005 and 2010 Bond Exchanges with payment obligations that rank higher than those issued under the 1994 FAA and held by Plaintiff. The bonds issued in the Exchanges are "External Indebtedness" as defined under the 1994 FAA. The Republic's issuance of these higher ranking bonds, facilitated by Laws 26,017 and 26,547, and its continuing payment of semi-annual interest to the holders of the bonds issued in the 2005 and 2010 Bond Exchanges, while paying nothing to Plaintiff and other bondholders who did not participate in the Exchanges, violates the Equal Treatment Provision of the 1994 FAA.

4.      Similarly, this action further seeks specific performance of the Republic's payment obligations pursuant to Section 15 of the 1993 FAA (the "Equal Treatment Provision of the 1993 FAA"), which acts to confer to the owners of bonds issued pursuant to the 1993 FAA the same terms as bonds issued pursuant to the 1994 FAA. Therefore, owners of bonds issued pursuant to the 1993 FAA are entitled to the protections afforded under the Equal Treatment Provision of the 1994 FAA, which provides for equal treatment in terms of rank and priority of payment for holders of bonds issued under the 1994 FAA with respect to any External

2

Indebtedness as defined in the 1994 FAA.  Furthermore, the 1993 FAA Prospectus dated December 9, 2013 ("1993 FAA Prospectus") contains a provision at page 56 ("Equal Treatment Provision of the 1993 FAA Prospectus") that is virtually identical to the Equal Treatment Provision of the 1994 FAA.  A true and accurate copy of the 1993 FAA Prospectus is attached as **Exhibit C.**

   5. From 2005 to the present, the Republic has engaged in a course of conduct which violates the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus. In particular, the Republic issued bonds in its 2005 and 2010 Bond Exchanges with payment obligations that rank higher than those issued under the 1993 FAA and held by Plaintiff. The bonds issued in the Exchanges are "External Indebtedness" as defined under the 1993 FAA, the 1993 FAA Prospectus and the 1994 FAA.  The Republic's issuance of these higher ranking bonds, facilitated by Laws 26,017 and 26,547, and its continuing payment of semi-annual interest to the holders of the bonds issued in the 2005 and 2010 Bond Exchanges, while paying nothing to Plaintiff and other bondholders who did not participate in the Exchanges, violates the Equal Treatment Provision of the 1994 FAA, and, thereby, the Equal Treatment Provision of the 1993 FAA, and the Equal Treatment Provision of the 1993 FAA Prospectus.

## THE PARTIES

   6. Plaintiff Yellow Crane is a Delaware limited liability company.

   7. Defendant Republic of Argentina is a Foreign State as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

   8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a).

DM1\5560615.2

9.    In addition, this Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York.

10.    Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

## FACTUAL ALLEGATIONS

### Yellow Crane's 1994 FAA Bonds

11.    Yellow Crane is the owner of $3,001,000 principal amount of bonds issued pursuant to the 1994 FAA by the Republic, ISIN US040114AN02 (the "US040114AN02 Bonds"). The US040114AN02 Bonds have a coupon rate of 11% and matured on October 9, 2006, at which time the entire principal amount on the US040114AN02 Bonds became due and payable.

12.    Yellow Crane is the owner of $16,508,000 principal amount of bonds issued pursuant to the 1994 FAA by the Republic, ISIN US040114AR16 (the "US040114AR16 Bonds"). The US040114AR16 Bonds have a coupon rate of 11.375% and mature on January 30, 2017, but are presently due and payable.

13.    Yellow Crane is the owner of $6,938,000 principal amount of bonds issued pursuant to the 1994 FAA by the Republic, ISIN US040114AZ32 (the "US040114AZ32 Bonds"). The US040114AZ32 Bonds have a coupon rate of 11% and matured on December 4, 2005, at which time the entire principal amount on the US040114AZ32 Bonds became due and payable.

14.    Yellow Crane is the owner of $1,897,000 principal amount of bonds issued pursuant to the 1994 FAA by the Republic, ISIN US040114BE93 (the "US040114BE93 Bonds"). The US040114BE93 Bonds have a coupon rate of 11.75% and matured on April 7,

DM1\5560615.2

2009, at which time the entire principal amount on the US040114BE93 Bonds became due and payable.

15.     Yellow Crane is the owner of $115,000 principal amount of bonds issued pursuant to the 1994 FAA by the Republic, ISIN US040114FC91 (the "US040114FC91 Bonds"). The US040114FC91 Bonds have a coupon rate of 11.375% and mature on March 15, 2010, at which time the entire principal amount on the US040114FC91 Bonds became due and payable.

16.     Yellow Crane is the owner of $385,000 principal amount of bonds issued pursuant to the 1994 FAA by the Republic, ISIN US040114GF14 (the "US040114GF14 Bonds"). The US040114GF14 Bonds have a coupon rate of 15.5% and matured on December 19, 2008, at which time the entire principal amount on the US040114GF14 Bonds became due and payable.

17.     Yellow Crane is the owner of €1,118,000 principal amount of bonds issued pursuant to the 1994 FAA by the Republic, ISIN XS0086333472 (the "XS0086333472 Bonds"). The XS0086333472 Bonds have a coupon rate of 8.125% and matured on April 21, 2008, at which time the entire principal amount on the XS0086333472 Bonds became due and payable.

18.     A record of Yellow Crane's holdings of the Argentine bonds, including the 1994 FAA bonds referenced above, is attached as **Exhibit D**.

**Yellow Crane's 1993 FAA Bonds**

19.     Yellow Crane is the owner of $3,061,000 principal amount of bonds issued pursuant to the 1993 FAA by the Republic, ISIN US040114AH34 (the "US040114AH34 Bonds"). The US040114AH34 Bonds have a coupon rate of 8.375% and matured on December

20, 2003, at which time the entire principal amount on the US040114AH34 Bonds became due and payable.

        20.    A record of Yellow Crane's holdings of the Argentine bonds, including the 1993 FAA bonds referenced above, is attached as **Exhibit D**.

**The Republic's Default under the 1994 FAA**

        21.    Pursuant to Section 12 of the 1994 FAA, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment: The Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues of a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

        22.    Section 12 of the 1994 FAA further provides that following either of the foregoing Events of Default, a note holder, *i.e.,* Plaintiff, may give the Republic written notices and declare "the principal amount of such Securities held by it to be due and payable immediately," together with all accrued interest.

        23.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on bonds issued pursuant to the 1994 FAA.

        24.    Since then, the Republic has failed to make payments due on the US040114AN02 Bonds, the US040114AR16 Bonds, the US040114AZ32 Bonds, the US040114BE93 Bonds, the US040114FC91 Bonds, the US040114GF14 Bonds, and the XS0086333472 Bonds held by Yellow Crane.

**The Republic's Default under the 1993 FAA**

25.     Pursuant to page 7 of Exhibit 1 to the 1993 FAA, Form of Global Bond, the following, *inter alia*, are defined as "Events of Default":

> (a) the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues of a period of 30 days; or
>
> \* \* \*
>
> (d) a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

26.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on bonds issued pursuant to the 1993 FAA.

27.     Since then, the Republic has failed to make payments due on the US040114AH34 Bonds held by Yellow Crane.

**The Republic's Violation of the Equal Treatment Provision of the 1994 FAA**

28.     Section 1 of the 1994 FAA contains an Equal Treatment Provision, which states:

> (c)     The Securities will constitute... direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. **The payment obligations of the Republic under the Securities shall at all times rank at least equally with all of its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).**

29.     The Republic, therefore, may not make any payment of its External Indebtedness without also making a ratable payment at the same time to Plaintiff.

30.     In 2005, the Republic restructured its debt by offering a bond exchange to all holders of non-performing bonds governed by the 1994 FAA (the "2005 Exchange").

31.     The 2005 Prospectus for this Bond Exchange stated:

> *Existing defaulted bonds eligible for exchange that are not tendered may remain in default indefinitely. . . . The Government has announced that it has no intention of resuming payment on any bonds eligible to participate in [the] exchange offer. . . . that are not tendered or otherwise restructured as part of such transaction. Consequently, if you elect not to tender your bonds in an exchange offer there can be no assurance that you will receive any future payments in respect to your bonds.*

32.     Holders of approximately 25% of the Republic's non-performing bonds did not participate in the 2005 Exchange ("Non-tendering Bondholders").

33.     Plaintiff did not participate in the 2005 Exchange.

34.     Bondholders who participated in the 2005 Exchange ("2005 Exchange Bondholders") received bonds scheduled to pay semi-annual interest.

35.     The first interest payment on the 2005 Bonds was due and paid in 2005.

36.     The Republic has paid all subsequent interest due on the 2005 Bonds to date and intends to continue to do so.

37.     Upon information and belief, the Republic intends to continue paying interest on all 2005 Bonds as it becomes due.

38.     To facilitate the 2005 Bond Exchange, the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,017 ("the Lock Law") on February 9, 2005. A true and correct copy of Law 26,017 and a certified translation are annexed hereto as **Exhibit E**.

39.     In its January 28, 2010 Prospectus, the Republic explained the purpose and effect of the Lock Law as follows:

> In an effort to reassure tendering Bondholders and increase the level of participation on the 2005 Debt Exchange, Congress subsequently passed Law 26,017, known as the "Lock Law." The Lock Law prohibited the Executive Branch from reopening the 2005 Debt Exchange without Congressional approval **and also**

> prohibited any type of settlement involving untendered securities that were eligible to participate in the 2005 Debt Exchange . . . .

40. The assurances to tendering bondholders provided by Law 26,017 facilitated the Republic's completion of the 2005 Bond Exchange.

41. Article 1 of Law 26,017 provided that Bonds not tendered in the 2005 Exchange would be subject to the following provisions:

    a.    Article 2 – The national Executive Power may not, with respect to the bonds referred to in Article 1 of this law, reopen the swap process established in the aforementioned Decree No. 1735/04.

    b.    Article 3 - The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law.

    c.    Article 4 - The national Executive Power must – within the framework of the terms of issuance of the respective bonds, and the applicable laws and regulations in the corresponding jurisdictions – order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign securities markets and exchanges.

42. The Republic violated the Equal Treatment Provision of the 1994 FAA by lowering the rank of its payment obligations under Plaintiff's bonds below that of other unsecured and unsubordinated External Indebtedness by relegating Plaintiff's bonds to a non-paying class pursuant to Law 26,017.

43. The Republic's courts have held that the Lock Law and the Republic's Moratorium on payment prevent them from recognizing and enforcing Non-tendering Bondholders' New York judgments.

44. In 2009, in preparation for another bond exchange in 2010, the Senate and Chamber of Deputies of the Argentine Nation passed Law No. 26,547 which, among other things, suspended the Lock Law for purposes of the 2010 Exchange. A true and correct copy of

Law 26,547 and a certified translation are annexed hereto as **Exhibit F.**

45.   Law 26,547 provided:

a.   Article 1. The effect of Articles 2, 3, and 4 of Law No. 26,017 is suspended until 31 December 2010 or until the National Executive Branch, through the Ministry of Economy and Public Finance, declares that the process of restructuring the government bonds affected by the referenced regulation is completed, whichever occurs first.

b.   Article 3. The financial terms and conditions that are offered may not be equal to or better than those offered to creditors, in the debt restructuring established by Decree No. 1735/04.

c.   Article 5. ...
It is prohibited to offer the holders of government bonds who may have initiated judicial, administrative, arbitration or any other type of action, more favorable treatment than what is offered to those who have not done so.

46.   The prospectus for the Republic's 2010 Exchange stated:

Eligible Securities in default that are not exchanged pursuant to the Invitation may remain in default indefinitely. In light of its financial and legal constraints, *Argentina does not expect to resume payments on any eligible Securities in default that remain outstanding following the expiration of the Invitation.* Argentina has opposed vigorously, and intends to continue to oppose, attempts by holders who did not participate in its prior exchange offers to collect on its defaulted debt through . . . litigation . . . and other legal proceedings against Argentina. Argentina remains subject to significant legal constraints regarding its defaulted debt. . . .

Consequently, if you elect not to tender your Eligible Securities in default pursuant to the Invitation *there can be no assurance that you will receive any future payments or be able to collect through litigation in respect of your Eligible Securities in default.*

47.   Plaintiff did not participate in the 2010 Exchange.

48.   The Republic violated the Equal Treatment Provision of the 1994 FAA by relegating Plaintiff's bonds to a non-paying class pursuant to Law 26,547.

DM1\5560615.2

49.     The Bonds issued in the 2010 Bond Exchange (the "2010 Bonds") began to pay semi-annual interest to those who participated in the Exchange (the "2010 Exchange Bondholders") in 2010.

50.     The Republic pays interest on all 2010 Bonds as it becomes due and intends to continue to do so.

51.     Upon information and belief, absent an Order of this Court, the Republic will continue to pay the 2005 and 2010 Exchange Bondholders while paying nothing to Plaintiff.

52.     Plaintiff and the other Non-tendering Bondholders have been damaged as a result of the Republic's violations and will continue to be damaged by the continuing violations of the Equal Treatment Provision of the 1994 FAA.

53.     NML Capital, Ltd. ("NML") and other pre-judgment holders of defaulted bonds issued pursuant to the 1994 FAA sought specific performance of the Equal Treatment Provision of the 1994 FAA in three pre-judgment cases styled *NML Capital, Ltd v. The Republic of Argentina* Case Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG) (S.D.N.Y.) ("NML's pre-judgment actions").

54.     In Orders issued in NML's three pre-judgment actions, this Court:

a.      held that the Republic's actions, as described in paragraphs 30 through 52, *supra*, violated the Equal Treatment Provision of the 1994 FAA;

b.      granted partial summary judgment to NML on its equal treatment claims;

c.      held that NML had no adequate remedy at law and that, absent equitable relief, NML would suffer irreparable harm;

d.      held that the equities strongly supported injunctive relief;

e.      held that the Republic had the financial wherewithal to meet its payment obligations to NML in those cases; and

f.      issued an Amended Order requiring the Republic to specifically perform its equal treatment obligations by making ratable payment to NML whenever it paid the 2005 and 2010 Exchange Bondholders the amounts due on their bonds.  A true and correct copy of this Court's December 7, 2011, February 23, 2012 and November 21, 2012 Orders are annexed hereto as **Exhibits G, H, and I**, respectively.

55.      On February 23, 2012, this Court issued an injunction to remedy the Republic's continuing violations of the Equal Treatment Provision of the 1994 FAA, which required the Republic to pay NML ratably whenever it paid the 2005 or 2010 Bondholders pursuant to their bonds.

56.      On October 26, 2012 the Second Circuit affirmed this Court's February 23, 2012 decision, but remanded the injunction for clarification.

57.      The Republic petitioned for a Writ of Certiorari on the October 26, 2012 Second Circuit decision in the United States Supreme Court.  That petition was denied October 7, 2013.

58.      On November 21, 2012, this Court amended the February 23, 2012 injunction.

59.      On August 23, 2013, the Second Circuit affirmed this Court's November 21, 2012 decision.

60.      The Republic subsequently petitioned for another Writ of Certiorari on the August 23, 2013 Second Circuit decision to the United States Supreme Court, which was also denied on June 16, 2014.

12

61.    In response to the orders of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court in NML's pre-judgment cases, the Republic's officials, including President Kirchner, have frequently said that the Republic will never pay NML or any other similar bondholders such as Plaintiff.

62.    The Republic's issuance of the 2005 and 2010 Exchange Bonds, its payment of semi-annual interest to the holders of the bonds issued in the 2005 Bond Exchange and 2010 Bond Exchange, while paying nothing to Plaintiff and other bondholders who did not participate in the Exchanges, violates the Equal Treatment Provision of the 1994 FAA.   To prevent further violations, Plaintiff seeks specific enforcement of the Equal Treatment Provision of the 1994 FAA, -- the relief previously awarded to NML.

**The Republic's Violation of the Equal Treatment**
**Provisions of the 1993 FAA and the 1993 FAA Prospectus**

63.    Pursuant to Section 15 to the 1993 FAA, Form of Global Bond, contains an Equal Treatment Provision, which states:

> The Republic may ... create and issue further bonds ranking pari passu with the Bonds in all respects (or in all respects except for the payment of interest accruing prior to the issue date of such further bonds or except for the first payment of interest following the issue date of such further bonds) and so that such further bonds shall be consolidated and form a single series with the Bonds and shall have the same terms as to status, redemption or otherwise as the Bonds.

64.    The bonds issued pursuant to the 1994 FAA represent further bonds created and issued by the Republic such that owners of bonds issued pursuant to the 1993 FAA are entitled to the same terms as the 1994 FAA, including the Equal Treatment Provision of the 1994 FAA.

65.    As set forth in paragraphs 28 through 29, *supra*, pursuant to the Equal

Protection Provision of the 1994 FAA, the Republic may not make any payment of its External Indebtedness without also making a ratable payment at the same time to Yellow Crane on bonds issued pursuant to the 1994 FAA.

66.     Furthermore, page 56 of the 1993 FAA Prospectus contains an Equal Treatment Provision, which is virtually identical to the language of the Equal Treatment Provision of the 1994 FAA and states:

> The Bonds will constitute ... direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank <u>pari passu</u> and without any preference among themselves. ... The payment obligations of the Republic under the Bonds shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness...

67.     Therefore, pursuant to the Equal Protection Provisions of the 1993 FAA and the 1993 FAA Prospectus, the Republic may not make any payment of its External Indebtedness without also making a ratable payment at the same time to Yellow Crane on bonds issued pursuant to the 1993 FAA.

68.     As set forth in paragraphs 30 through 52, *supra*, in 2005, the Republic issued the 2005 Exchange bonds and, in 2010, the Republic issued the 2010 Exchange bonds.

69.     Yellow Crane did not participate in the 2005 Exchange or 2010 Exchange.

70.     The 2005 Exchange Bondholders and 2010 Exchange Bondholders have received interest payments.

71.     Upon information and belief, the Republic intends to continue paying interest on all 2005 Bonds and 2010 Bonds as they become due.

72.     The Republic violated the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus by lowering the rank of its payment obligations under Yellow Crane's bonds below that of other unsecured and unsubordinated Indebtedness by relegating

DM1\5560615.2

Yellow Crane's bonds to a non-paying class pursuant to Law 26,017.

73.    The Republic violated the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus by relegating Yellow Crane's bonds to a non-paying class pursuant to Law 26,547.

74.    Upon information and belief, absent an Order of this Court, the Republic will continue to pay the 2005 and 2010 Exchange Bondholders while paying nothing to Yellow Crane.

75.    Yellow Crane and the other Non-tendering Bondholders have been damaged as a result of the Republic's violations and will continue to be damaged by the continuing violations of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

76.    The Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus have the same force and effect as the Equal Treatment Provision of the 1994 FAA and, therefore, the orders of this Court, the Second Circuit, and the United States Supreme Court in NML's pre-judgment actions regarding the Equal Treatment Provision of the 1994 FAA should apply equally to bonds issued pursuant to the 1993 FAA.

77.    The Republic's issuance of the 2005 and 2010 Exchange Bonds, its payment of semi-annual interest to the holders of the bonds issued in the 2005 Bond Exchange and 2010 Bond Exchange, while paying nothing to Yellow Crane and other bondholders who did not participate in the Exchanges, violates the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.   To prevent further violations, Yellow Crane seeks specific enforcement of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

## FIRST CLAIM FOR RELIEF
### (For Breach of Contract on the US040114AN02 Bonds)

78.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 77 herein.

79.     The US040114AN02 Bonds are a Series of Securities under the terms of the 1994 FAA.

80.     Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114AN02 Bonds entitling Plaintiff to declare the principal amount of the US040114AN02 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

81.     On or about April 24, 2015, Plaintiff advised the Republic, by written notice to the Republic's Fiscal Agent, that it was declaring the entire principal amount of the US040114AN02 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

82.     Despite the notice, the Republic has failed to make any payments of principal or interest on the US040114AN02 Bonds to the Plaintiff.

83.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## SECOND CLAIM FOR RELIEF
### (For Breach of Contract on the US040114AR16 Bonds)

84.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 83 herein.

85.     The US040114AR16 Bonds are a Series of Securities under the terms of

the 1994 FAA.

86.     Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114AR16 Bonds entitling Plaintiff to declare the principal amount of the US040114AR16 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

87.     On or about April 24, 2015, Plaintiff advised the Republic, by written notice to the Republic's Fiscal Agent, that it was declaring the entire principal amount of the US040114AR16 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

88.     Despite the notices, the Republic has failed to make any payments of principal or interest on the US040114AR16 Bonds to Plaintiff.

89.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### THIRD CLAIM FOR RELIEF
(For Breach of Contract on the US040114AZ32 Bonds)

90.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 89 herein.

91.     The US040114AZ32 Bonds are a Series of Securities under the terms of the 1994 FAA.

92.     Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114AZ32 Bonds entitling Plaintiff to declare the principal amount of the US040114AZ32 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

DM1\5560615.2

93.     On or about April 24, 2015, Plaintiff advised the Republic, by written notice to the Republic's Fiscal Agent, that it was declaring the entire principal amount of the US040114AZ32 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

94.     Despite the notice, the Republic has failed to make any payments of principal or interest on the US040114AZ32 Bonds to the Plaintiff.

95.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FOURTH CLAIM FOR RELIEF
(For Breach of Contract on the US040114BE93 Bonds)

96.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 95 herein.

97.     The US040114BE93 Bonds are a Series of Securities under the terms of the 1994 FAA.

98.     Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114BE93 Bonds entitling Plaintiff to declare the principal amount of the US040114BE93 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

99.     On or about April 24, 2015, Plaintiff advised the Republic, by written notice to the Republic's Fiscal Agent, that it was declaring the entire principal amount of the US040114BE93 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

100.    Despite the notice, the Republic has failed to make any payments of

principal or interest on the US040114BE93 Bonds to the Plaintiff.

101.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FIFTH CLAIM FOR RELIEF
(For Breach of Contract on the US040114FC91 Bonds)

102.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 101 herein.

103.    The US040114FC91 Bonds are a Series of Securities under the terms of the 1994 FAA.

104.    Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114FC91 Bonds entitling Plaintiff to declare the principal amount of the US040114FC91 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

105.    On or about April 24, 2015, Plaintiff advised the Republic, by written notice to the Republic's Fiscal Agent, that it was declaring the entire principal amount of the US040114FC91 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

106.    Despite the notice, the Republic has failed to make any payments of principal or interest on the US040114FC91 Bonds to the Plaintiff.

107.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

DM1\5560615.2

## SIXTH CLAIM FOR RELIEF
(For Breach of Contract on the US040114GF14 Bonds)

108.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 107 herein.

109.    The US040114GF14 Bonds are a Series of Securities under the terms of the 1994 FAA.

110.    Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114GF14 Bonds entitling Plaintiff to declare the principal amount of the US040114GF14 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

111.    On or about April 24, 2015, Plaintiff advised the Republic, by written notice to the Republic's Fiscal Agent, that it was declaring the entire principal amount of the US040114GF14 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

112.    Despite the notice, the Republic has failed to make any payments of principal or interest on the US040114GF14 Bonds to the Plaintiff.

113.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## SEVENTH CLAIM FOR RELIEF
(For Breach of Contract on the XS0086333472 Bonds)

114.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 113 herein.

115.    The XS0086333472 Bonds are a Series of Securities under the terms of

20

the 1994 FAA.

116.    Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0086333472 Bonds entitling Plaintiff to declare the principal amount of the XS0086333472 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

117.    On or about August 24, 2015, Plaintiff advised the Republic, by written notice to the Republic's Fiscal Agent, that it was declaring the entire principal amount of the XS0086333472 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

118.    Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0086333472 Bonds to the Plaintiff.

119.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

**EIGHTH CLAIM FOR RELIEF**
(For Breach of Contract on the US040114AH34 Bonds)

120.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 119 herein.

121.    The US040114AH34 Bonds are Bonds under the terms of the 1993 FAA.

122.    Pursuant to page 7 of Exhibit 1 to the 1993 FAA, Form of Global Bond, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114AH34 Bonds entitling Plaintiff to declare the principal amount of the US040114AH34 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

123.    On or about April 24, 2015, Plaintiff advised the Republic, by written notices to the Republic's Fiscal Agent, that it was declaring the entire principal amount of the US040114AH34 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

124.    Despite the notices, the Republic has failed to make any payments of principal or interest on the US040114AH34 Bonds to Plaintiff.

125.    By reason of the foregoing, the Republic has breached its contractual obligations to Yellow Crane, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

**NINTH CLAIM FOR RELIEF**
(For Specific Enforcement of the Equal Treatment
Provision of the 1994 FAA and for Injunctive Relief)

126.    Plaintiff repeat and reallege the allegations set forth in paragraphs 1 through 125 herein.

127.    Pursuant to Section 1(c) of the 1994 FAA, the Republic provided that its bonds issued pursuant to the FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness . . . ."

128.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

129.    The Republic has engaged in a course of conduct violative of the Equal Treatment Provision of the 1994 FAA.

22

130.     Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the 1994 FAA.

131.     Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the Equal Treatment Provision of the 1994 FAA.

132.     The bonds issued in the Exchanges are External Indebtedness.

133.     The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Treatment Provision of the 1994 FAA.

134.     The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the 1994 FAA.

135.     The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the Equal Treatment Provision of the 1994 FAA.

136.     The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provision of the 1994 FAA.

137.     The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the Equal Treatment Provision of the 1994 FAA.

138.     Plaintiff has suffered irreparable injury from the Republic's violation of the Equal Treatment Provision of the 1994 FAA and will continue to suffer such injury unless

this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

139.   In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

140.   Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

141.   Remedies available at law are inadequate to compensate for such injury.

142.   Plaintiff has performed its part of the contract with the Republic.

143.   The Republic is capable of performing its obligations pursuant to the Equal Treatment Provision of the 1994 FAA.

144.   The balance of the equities tips toward the issuance of an injunction.

145.   The public interest would not be disserved by a permanent injunction.

## TENTH CLAIM FOR RELIEF
(For Specific Enforcement of the Equal Treatment Provisions of the
1993 FAA and the 1993 FAA Prospectus and for Injunctive Relief)

146.   Yellow Crane repeats and realleges the allegations set forth in paragraphs 1 through 145 herein.

147.   Pursuant to Section 15 of the 1993 FAA, the Republic provided that it may

"create and issue further bonds ranking pari passu with the Bonds in all respects (or in all respects except for the payment of interest accruing prior to the issue date of such further bonds or except for the first payment of interest following the issue date of such further bonds) and so that such further bonds shall be consolidated and form a single series with the Bonds and shall have the same terms as to status, redemption or otherwise as the Bonds."

148.   The bonds issued pursuant to the 1994 FAA represent further bonds created and issued by the Republic such that the owners of bonds issued pursuant to the 1993 FAA are entitled to the same terms as the 1994 FAA, including the Equal Treatment Provision of the 1994 FAA.

149.   Pursuant to Section 1(c) of the 1994 FAA, the Republic provided that its bonds issued pursuant to the FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness . . . ."

150.   Similarly, pursuant to page 56 of the 1993 FAA Prospectus, the Republic provided that its bonds issued pursuant to the 1993 FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves" and that "[t]he payment obligations of the Republic under the Bonds shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness..."

151.   The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Yellow Crane on

DM1\5560615.2

bonds issued pursuant to the 1993 FAA.

152.   The Republic has engaged in a course of conduct violative of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

153.   Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Yellow Crane and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

154.   Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Yellow Crane and other Non-tendering Bondholders in violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

155.   The bonds issued in the Exchanges are External Indebtedness.

156.   The Republic's legislative actions forbidding payment on non-tendered bonds violate the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

157.   The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Yellow Crane and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

158.   The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Yellow Crane and other Non-tendering Bondholders, violated the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

159.   The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Yellow Crane will be a continuing violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

160.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Yellow Crane will be a continuing violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

161.    Yellow Crane has suffered irreparable injury from the Republic's violation of the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Yellow Crane ratably whenever it pays interest to 2005 or 2010 Bondholders.

162.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

163.    The Equal Protection Provisions of the 1993 FAA and the 1993 FAA Prospectus have the same force and effect as the Equal Treatment Provision of the 1994 FAA and, therefore, the orders of this Court, the Second Circuit, and the United States Supreme Court in NML's pre-judgment actions regarding the Equal Treatment Provision of the 1994 FAA should apply equally to bonds issued pursuant to the 1993 FAA.

164.    Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Yellow Crane's pre-judgment and summary judgment case.

27

165.   Remedies available at law are inadequate to compensate for such injury.

166.   Yellow Crane has performed its part of the contract with the Republic.

167.   The Republic is capable of performing its obligations pursuant to the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus.

168.   The balance of the equities tips toward the issuance of an injunction.

169.   The public interest would not be disserved by a permanent injunction.

WHEREFORE, Plaintiff demand judgment against the Republic of Argentina, as follows:

i.     On Count One, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

ii.    On Count Two, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

iii.   On Count Three, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

iv.    On Count Four, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

v.     On Count Five, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

vi.    On Count Six, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

vii.   On Count Seven, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

viii.  On Count Eight, awarding Plaintiff damages against the Republic in an

DM1\5560615.2

amount to be determined at trial, plus interest

ix.   On Count Nine, awarding an Order specifically enforcing the Equal Treatment Provision of the 1994 FAA, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

x.   On Count Ten, awarding an Order specifically enforcing the Equal Treatment Provisions of the 1993 FAA and the 1993 FAA Prospectus, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xi.   Awarding Plaintiff its costs, attorneys' fees and such other and further relief as this Court shall deem just and proper.

Dated: New York, New York
       April 29, 2015

DUANE MORRIS LLP

By: _Anthony J. Costantini_
Anthony J. Costantini
E-mail:ajcostantini@duanemorris.com
Suzan Jo
E-mail:sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020

*Attorneys for Plaintiff Yellow Crane Holdings, LLC*

DMI\5560615.2